IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IVAN JOSE MANZANO, (TDCJ-CID #1426493) Petitioner, | § § § § | |
| vs. | § | CIVIL ACTION H-11-1994 |
| RICK THALER, Respondent. | § § § § § | |

## MEMORANDUM AND OPINION

Ivan Jose Manzano, a state prisoner, sued in May 2011, seeking a writ of mandamus against Rick Thaler, Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Manzano seeks an order compelling the respondent, through his agents, to prevent the destruction of Manzano's personal notes and legal materials.

The threshold issue is whether this court has jurisdiction to consider Manzano's petition for a writ of mandamus. Based on the pleadings, the record, and the applicable authorities, this court dismisses this petition for lack of jurisdiction. The reasons for this ruling are stated below.

I.   **Procedural History and Background**

Manzano explains that he plans to file a civil rights lawsuit against various prison officials. He states that he filed a previous lawsuit, Civil Action Number 4:10-0448,[1] and prison officials violated his civil rights during that earlier filing. He asks this court to protect his legal materials until

---

[1] Online research reveals that Manzano filed a petition for a writ of habeas corpus in Civil Action Number 4:10-0448, and this court dismissed it as barred by limitations on November 11, 2010.

he is able to file his civil rights lawsuit.

Manzano seeks to compel the respondent to protect his legal materials.

## II.     Analysis

To the extent Manzano seeks a writ of mandamus against Rick Thaler, this court lacks jurisdiction. Federal district courts are courts of limited statutory jurisdiction. *See Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1286 (5th Cir. 1997); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). The only federal statute conferring the authority to issue writs of mandamus on the federal district courts is 28 U.S.C. Section 1361. That statute specifically provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Dunn-McCampbell Royalty Interest, Inc.*, 112 F.3d at 1288 (quoting 28 U.S.C. § 1361). The respondent in this case is the Director of the TDCJ-CID. The respondent is not a federal officer, agent, or employee and is not subject to the statutory mandamus authority of this court. This court lacks jurisdiction to entertain Manzano's request for mandamus relief.

## III.    Conclusion

Manzano's petition for a writ of mandamus is denied. Any and all remaining pending motions are denied as moot.

SIGNED on June 6, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge